# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DESIREE PEPIN,

    Plaintiff,

vs.                                                                               CIVIL NO. 01-1369 RLP/LCS

AAA NEW MEXICO, LLC,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER having come before the court on the Defendant, AAA New Mexico, LLC's Motion to Dismiss Count III of First Amended Complaint **(Docket No. 11)**, the court having read the motion, the memoranda in support of and in opposition to the motion and otherwise being fully advised, finds that the motion is not well-taken and will be **DENIED.**

Pursuant to Fed.R.Civ.P. 12 (b)(6), the movant must show "beyond doubt that the plaintiff can prove no set of facts in support of [her] claim [that] would entitle [her] to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support that claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

In light of this standard, the question is whether a valid claim for breach of an implied contract may be stated in Count III in this New Mexico employment case. Count III alleges the defendant "failed to follow its established polices and procedures when suspending and terminating the plaintiff's employment" and that in so doing, the defendant ". . . breached its contract with the plaintiff". Amended Complaint at ¶¶ 14 and 15 (Docket

No. 2). The New Mexico Supreme Court has held that an employer's written policies and procedures can give rise to an implied contract. *Newberry v. Allied Stores,* 773 P.2d 1231, 1234 (N.M. 1989). The determination as to whether an implied contract exists is a question of fact to be determined by the trial court after analyzing the employment relationship. *Id.* Therefore, under these facts, the plaintiff should be entitled to offer evidence to support an implied contract claim.

**IT IS THEREFORE ORDERED** that Defendant, AAA New Mexico, LLC's Motion to Dismiss Count III of First Amended Complaint is **DENIED.**

**IT IS SO ORDERED.**

_____
RICHARD L. PUGLISI
United States Magistrate Judge
Sitting by designation

Charlotte Lamount, Jr. Esquire - Attorney for Defendant
Kathryn D. Lucero, Esquire - Attorney for Plaintiff